IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BRENDA E. HOLLOWAY,            )
                               )
           Plaintiff,          )
                               )
vs.                            )    Case No. 10-4002-CV-S-ODS
                               )
HARTFORD LIFE AND ACCIDENT     )
INSURANCE COMPANY f/k/a        )
THE HARTFORD INSURANCE         )
COMPANY and SHELTER MUTUAL     )
INSURANCE COMPANY,             )
                               )
           Defendants.         )

ORDER AND OPINION GRANTING MOTION TO DISMISS PARTY
AND DENYING MOTION TO REMAND

Pending are Defendants' motion to dismiss Shelter Mutual Insurance Company (Shelter) from the case (Doc. 6) and Plaintiff's motion to remand (Doc. 13). Defendants' motion to dismiss is granted. Plaintiff's motion to remand is denied.

I. BACKGROUND

Plaintiff, a Missouri citizen, enrolled in a plan of long term disability insurance (the Plan) while employed as a commissioned agent for Defendant Shelter, also a citizen of Missouri. Defendant Hartford Life and Accident Insurance Company (Hartford) is the insurer under the Plan and a citizen of Connecticut. Plaintiff last worked for Shelter in 2006 and received benefits under the Plan for a short time ending in February 2007. After her claim for continuing disability benefits under the Plan was denied, Plaintiff filed this action in the Circuit Court of Texas County, Missouri, asserting claims against Defendants for breach of contract and vexatious refusal to pay.

Defendants removed Plaintiff's action to this Court asserting diversity jurisdiction

existed because Plaintiff and Hartford were citizens of different states and Shelter was fraudulently joined. Plaintiff contends remand is appropriate because a reasonable basis exists to hold Shelter liable for the denial of her claim for long term disability benefits.[1]

## II. DISCUSSION

Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal. When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant. *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010). The question is whether the plaintiff *could* state a claim against the nondiverse defendant under the facts present in the case, not whether the plaintiff actually did so in his or her pleadings. *See Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007).

According to Defendants, Plaintiff has no claim against Shelter for breach of contract or vexatious refusal to pay because only Hartford–the insurer–is contractually obligated to make disability determinations and pay benefits under the Plan. Defendants are correct. A copy of the Plan policy provided by Defendants demonstrates that Shelter owed no duties to Plaintiff under the Plan.[2] Plaintiff does not have a reasonable basis in fact or law to hold Shelter liable for breach of contract or vexatious refusal to pay.

Plaintiff also contends "some type of liability" could be imposed on Shelter based

---

[1] Plaintiff does not dispute Defendants' assertion that the amount in controversy exceeds $75,000.

[2] Since Plaintiff specifically referenced the policy in her petition, it may be considered by the Court in determining whether Shelter was fraudulently joined. *Cf. Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.")

on its role in procuring business for Hartford.  However, an agent is not liable for lawful acts performed within the scope of its authority for a disclosed principal.  *K & G Farms v. Monroe County Service Co.*, 134 S.W.3d 40, 45 (Mo. Ct. App. 2003).  Plaintiff received during her employment a booklet fully disclosing that a company other than Shelter was the insurer under the Plan,[3] and nothing in Plaintiff's allegations suggests that Shelter acted illegally or in excess of its authority as an agent for Hartford.  Plaintiff has not established that a reasonable basis in fact or law exists to support a claim against Shelter.

Although this action appears that it might be governed by ERISA, Defendants have not alleged that this statute applies or that federal question jurisdiction exists based on this statute.  Inasmuch as ERISA actions are subject to a different discovery schedule and are tried to the Court rather than a jury, the parties are instructed to file simultaneous briefs on the issue of whether Plaintiff's claims are governed by ERISA.  The parties shall file their respective briefs on or before February 23, 2010.

## III.  CONCLUSION

The Court holds that Defendant Shelter has been fraudulently joined.  Defendants' motion to dismiss Shelter is granted, and Plaintiff's motion to remand is denied.[4]  The parties' ERISA briefs shall be filed on or before February 23, 2010.

IT IS SO ORDERED.

DATE:  February 9, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The booklet contains a paragraph captioned "**The Company Behind Your Plan**" which states, "Your Group Long Term Disability Insurance is underwritten by the Continental Casualty Company of Chicago, Illinois . . . ."  Hartford subsequently replaced Continental Casualty Company as the insurer under the Plan.

[4] Defendants' motion for leave to file a sur-reply addressing Plaintiff's arguments (Doc. 19) is denied.