IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA E. HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-4002-CV-S-ODS |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY f/k/a ) | |
| THE HARTFORD INSURANCE ) | |
| COMPANY and SHELTER MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING MOTIONS FOR SUMMARY JUDGMENT (DOCS. 78, 80, & 86)

This is an action for long-term disability benefits. The applicable policy[1] required Holloway to be "continuously unable to perform the Material and Substantial Duties of [her] Regular Occupation." Holloway's "Regular Occupation" was Insurance Agent.

Holloway alleged Hartford breached the policy and vexatiously refused to pay benefits. Both parties move for summary judgment on these claims. The Court concludes genuine disputes of material fact preclude summary judgment for either party. *See* Fed. R. Civ. P. 56(a).

There is conflicting evidence regarding what constitute an Insurance Agent's "Material and Substantial Duties." The policy defines this term as "the necessary functions . . . which cannot be reasonably omitted or altered." Neither party has clearly identified what these functions are. Rather, they focus on the functions Holloway purportedly cannot do and present conflicting evidence whether these functions can be

---

[1] The Court again rejects Holloway's repeated contention that a booklet she received when she first applied for coverage in the 1980's is the applicable policy. The certificate of insurance for the applicable 2005 policy states it replaces or cancels any previous certificate.

reasonably omitted from or altered in the occupation of Insurance Agent.[2]

There is also a genuine dispute as to the extent of Holloway's disability as of February 9, 2007, the date Hartford determined Holloway was no longer disabled. The Court rejects Hartford's contention that Dr. Lee's opinion is controlling; other medical evidence occurring after Dr. Lee's opinion is also relevant to Holloway's status on February 9. *See Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984) (holding that evidence of Social Security claimant's condition subsequent to expiration of insured status was relevant to claimant's condition before expiration). This other evidence conflicts with Dr. Lee's opinion and precludes summary judgment.

Lastly, the parties present conflicting evidence whether Hartford's refusal to pay Holloway's claim was vexatious and without reasonable cause. *See* Mo. Ann. Stat. § 375.296. Hartford insists its reliance on Dr. Lee's opinion was reasonable as a matter of law, but a jury could hold that Hartford's refusal to pay benefits was unreasonable in light of Holloway's other medical evidence and/or Hartford's finding – apparently without consulting any authority – that Holloway's physical limitations could be accommodated by her occupation.[3] A jury will need to resolve these factual disputes.

IT IS SO ORDERED.

                                                         /s/ Ortrie D. Smith
                                                         ORTRIE D. SMITH, JUDGE
DATE: March 23, 2011                             UNITED STATES DISTRICT COURT

---

[2] Hartford contends Holloway failed to present Hartford proof of the "Material and Substantial Duties" of her occupation. Hartford has not established the policy required Holloway to submit this information. Assuming the policy did so, Holloway's alleged failure to comply with this condition is an affirmative defense. *Nichols v. Preferred Risk Group*, 44 S.W.3d 886, 896-97 (Mo. Ct. App. 2001). The evidence is conflicting whether this affirmative defense excuses Hartford from liability.

[3] The Court notes that Hartford expressed reliance on the expertise of its medical consultant – not Dr. Lee – in denying Holloway's appeal.